UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO.  21-62086-ALTMAN/HUNT

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

APPROXIMATELY $499,880.00
IN U.S. CURRENCY,

        Defendant In Rem.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court upon a Motion for Entry of an Order and Final Default Judgment for Forfeiture ("Motion") by the United States of America (the "United States") ECF No. 20 The Honorable Roy K. Altman referred this Motion to the undersigned for a report and recommendation. ECF No. 21, *see also* 28 U.S.C. § 636(b); S.D. Fla. Mag. R. 1.  Having considered the Motion, and being otherwise advised in the premises, the Court hereby recommends the Motion be GRANTED for the reasons outlined below.

On October 6, 2021, the United States filed a Verified Complaint for Forfeiture In Rem alleging that approximately $499,880.00 in U.S. currency (the "Defendant Currency"), was subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A), 21 U.S.C. § 881(a)(6) and the procedures set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rule G"), and the Federal Rules of Civil Procedure. ECF No. 1.

On November 19, 2021, Alfredo Alejandro Marin Paraguan ("Marin") filed his Verified Claim, asserting his ownership of the Defendant Currency. ECF No. 3. On December 7, 2021, Marin filed his Answer to Plaintiff's Verified Complaint. ECF No. 6. On March 17, 2022, the United States filed its Motion to Strike Marin's Verified Claim. ECF No. 8.

On April 18, 2022, the Court granted the United States' Motion to Strike Verified Claim. ECF No. 9. On May 9, 2022, the United States filed its Motion to Strike Marin's Answer, and on May 10, 2022, the Court granted the motion. ECF Nos. 15, 16. On May 11, 2022, the Clerk of Court, upon motion of the United States and pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, entered a default against the Defendant Currency. ECF Nos. 17, 18. On May 13, 2022, the Court entered an Order on Default Final Judgment Procedure, requiring the United States to file a motion for default final judgment by May 26, 2021. ECF No. 19.

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, after the Clerk of Court enters a default in a case other than for a sum certain, a "party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). To determine if the Government is entitled to default judgment, courts generally consider (1) whether the Court has subject-matter jurisdiction over the case, *see Arbough v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (courts have an obligation to ensure subject-matter jurisdiction); (2) whether the Government properly effectuated service of process, *see Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1368 (11th Cir. 1982) (improper service renders judgment void); and (3) whether the well-pleaded factual allegations state a claim

where relief may be granted, *see Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

First, this Court has subject-matter jurisdiction over this case. A district court has original jurisdiction over civil cases by the United States, pursuant to 28 U.S.C. § 1345, and in forfeiture actions, pursuant to 28 U.S.C. § 1355. A forfeiture action may also be brought in a district where any of the acts or omissions giving rise to the forfeiture occurred. 28 U.S.C. § 1355(b)(1)(A). The United States is the plaintiff in this civil forfeiture action and, as set forth in the Verified Complaint, the acts giving rise to this action occurred in the Southern District of Florida because in or around June 2020, the confidential source ("CS") was contacted by an individual based in Colombia about moving large amounts of cash within the Miami/Fort Lauderdale area via the Colombian Black Market Peso Exchange. ECF No. 1 at 3.

Second, the Government has complied with Supplemental Rule G, which sets forth the notice requirements for civil forfeiture actions. Supp. R. G(4), (5). Pursuant to Supplemental Rule G(4), the United States must publish notice of the civil forfeiture action on an official internet government forfeiture site for at least 30 consecutive days and send direct notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant. Supp. R.G(4)(a)(iv)(C), (b)(iii). As the United States established in the Motion for Clerk's Entry of Default, the requirements for proper notice set forth in Supplemental Rule G were fully satisfied. ECF Nos. 11, 17. The time for filing a claim or answer in this civil forfeiture action has expired. ECF No. 17; Supp. R. G(4)(a)(iv)(C), (b)(iii).

Lastly, the Court has stricken Marin's Claim and Answer, which were the only claim and answer filed in this civil forfeiture action. ECF No. 9, 16. Marin is neither a minor, nor incompetent person, and is represented by counsel. *Accord* Fed. R. Civ. P. 55(b)(2). No party has a pending claim to the Defendant Currency. The United States is entitled to final default judgment because the factual allegations set forth in the Verified Complaint show that the Defendant Currency constitutes proceeds of narcotics trafficking in violation of 21 U.S.C. § 841(a) subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) and property involved in an unlicensed money transmitting transaction or attempted transaction in violation of 18 U.S.C. § 1960 subject to forfeiture pursuant to 18 U.S.C. 981(a)(1)(A). The factual allegations of the Verified Complaint are not only verified by Drug Enforcement Administration Task Force Officer William Beauparlant, but they are also undisputed. Consequently, hearings are not necessary to enter or effectuate the default judgment. Fed. R. Civ. P. 55(b)(2).

Upon review of the record, the Court finds Marin, through his counsel and the Court's electronic CM/ECF notification system, has been served notice of the United States' application for default judgment, and has not filed any opposition within seven (7) days of receipt of such notice.

## **RECOMMENDATION**

For the foregoing reasons, the undersigned respectfully RECOMMENDS Plaintiff's Motion for Entry of an Order and Final Default Judgment for Forfeiture, ECF No. 20, should be GRANTED in accordance with Fed. R Civ. P. 58, and final default judgment should be entered.

Within fourteen days after being served with a copy of this Report and Recommendation, any Party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. §636(b)(1); S.D. Fla. Mag. R. 4(b). The Parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE and SUBMITTED** at Fort Lauderdale, Florida, this 20th day of July 2022.

*[signature]*
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Roy K. Altman
All counsel of record